UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

ATTORNEYS OF RECORD:
    MARC S. WENGER, ESQ.
    DAVID R. EHRLICH, ESQ.

-----------------------------------------------------------------X
STANLEY MADALONI,

                  Plaintiff,                      11 CIV 5086

        v.                                **ANSWER TO COMPLAINT**

MADA DESIGN, INC.,

                  Defendant.
-----------------------------------------------------------------X

TO:  Anthony J. Costantini, Esq.
      *Attorney for Plaintiff*
      Duane Morris LLP
      1540 Broadway
      New York, New York, 10036-4086

        Defendant Mada Design, Inc. ("Defendant"), by its attorneys, Jackson Lewis LLP, as and for its Answer to Plaintiff's Complaint (the "Complaint"), states as follows:

**AS AND FOR THE "COMPLAINT"**

        1.    Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint as they call for legal conclusions to which no response is required.

        2.    Defendant denies the allegations contained in Paragraph 2 of the Complaintto the extent that the alleged events did not occur as described, but further states that Defendant does not contest venue.

3. Defendant lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 3.

4. Defendant lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 4, except admits that Mada Design, Inc., a New York corporation, is located at 630 Third Avenue, New York, New York 10017 and is engaged in the business of providing design services and marketing and promotional expertise to its clients.

5. Defendant lacks knowledge and information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, except to the extent such allegations describe documents referred to in Exhibit A of the Complaint, Defendant refers to those documents for a true and complete description of their contents, and denies any allegations contained in Paragraph 5 of the Complaint that are inconsistent with their contents.

6. Defendant admits to the allegations contained in Paragraph 6 of the Complaint, except to the extent such allegations describe the Purchase Agreement referenced in the Complaint ("Purchase Agreement"), Defendant refers to that document for a true and complete description of its terms, and denies any allegations contained in Paragraph 6 of the Complaint that are inconsistent with its terms.

7. Defendant refers to the Purchase Agreement for a true and complete description of its terms, and denies any allegations contained in Paragraph 7 of the Complaint that are inconsistent with its terms.

8. Defendant refers to the Employment Agreement referenced in the Complaint ("Employment Agreement") for a true and complete description of its terms, and denies any allegations contained in Paragraph 8 of the Complaint that are inconsistent with its terms.

9. Defendant denies to the allegations contained in Paragraph 9 of the Complaint, except admits that Stanley Madaloni's employment was terminated on July 15, 2011.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, and refers to the Employment Agreement for a true and complete description of its terms, and further denies any allegations contained in Paragraph 10 of the Complaint that are inconsistent with its terms.

11. Defendant refers to the Employment Agreement for a true and complete description of its terms and denies any allegations contained in Paragraph 11 of the Complaint that are inconsistent with its terms.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint, except refers to the email referenced in the Complaint for a true and complete description of its contents, and denies any allegations contained in Paragraph 12 of the Complaint that are inconsistent with its contents.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant refers to the Employment Agreement for a true and complete description of its terms and denies any allegations contained in Paragraph 16 of the Complaint that are inconsistent with its terms.

17. Defendant refers to the Employment Agreement for a true and complete description of its terms and denies any allegations contained in Paragraph 17 of the Complaint that are inconsistent with its terms.

18. Defendant refers to the Employment Agreement for a true and complete description of its terms and denies any allegations contained in Paragraph 18 of the Complaint that are inconsistent with its terms.

## AS TO "WHEREFORE CLAUSE"

Defendant denies that Plaintiff is entitled to any relief alleged therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by reason of waiver, estoppel and/or laches.

### THIRD AFFIRMATIVE DEFENSE

21. To the extent Plaintiff sustained any damages, such damages were caused in whole or in part by his own conduct.

### FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff breached the agreement on which his relief is based by failing to perform as required under the agreement.

## SIXTH AFFIRMATIVE DEFENSE

24.  Plaintiff has received all benefits, monies and compensation to which he was entitled under the agreement.

**WHEREFORE**, Defendant prays that the Court:

a.  dismiss the Complaint in its entirety, with prejudice;

b.  deny each and every demand and prayer for relief contained in the Complaint; and

c.  grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       August 12, 2011

Respectfully submitted,

JACKSON LEWIS LLP
*Attorneys for Defendant*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

By: _____
MARC S. WENGER, ESQ.
DAVID R. EHRLICH, ESQ.

5

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of August, 2011, I caused a true and correct copy of the enclosed <u>ANSWER TO PLAINTIFF'S COMPLAINT</u>, to be served upon all parties via Federal Express, and electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

Anthony J. Costantini
*Attorney for Plaintiff*
Duane Morris LLP
1540 Broadway
New York, New York,  10036-4086

_____
David R. Ehrlich, Esq.

4831-4446-2858, v. 1